IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SUGANDHA ROSENHAFT,
   Plaintiff,
      v.

BAC HOME LOANS SERVICING,
LP, et al.,
   Defendants.

CIVIL ACTION FILE
NO. 1:11-CV-2519-TWT

ORDER

This is a wrongful foreclosure action. It is before the Court on Defendants Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP ("BOA"), Bank of America Corporation, improperly named as Bank of America ("BAC"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and MERSCORP, Inc.'s ("MERSCORP") Motion to Dismiss [Doc. 5]. For the reasons set forth below, the Court GRANTS the Defendants' Motion to Dismiss.

I. Background

The Plaintiff, Sugandha Rosenhaft, obtained a loan (the "Loan") from AHM Mortgage Corporation ("AHM") in the amount of $117,600.00, on or about August 8, 2005. To secure repayment of the Loan, the Plaintiff executed a Security Deed

conveying the real property located at 1912 Snapfinger Road, Decatur, Georgia 30035 (the "Property") to MERS as nominee for AHM. (Defs.' Br. in Supp. of Defs.' Mot. to Dismiss, Ex. A.) This Security Deed was recorded on August 16, 2005, at Deed Book 17786, Page 56, of the DeKalb County real property records.

On or about January 8, 2010, MERS, on behalf of AHM, assigned and transferred its rights, title, and interest in the Security Deed and the Property to BAC (the "Assignment"). (Defs.' Br. in Supp. of Defs.' Mot. to Dismiss, Ex. B.) The Assignment was recorded on July 2, 2010, at Deed Book 22031, Page 417, of the DeKalb County, Georgia real property records. On or about April 26, 2011, the Plaintiff received a letter that gave her notice of an impending foreclosure sale. (Compl. ¶ 10.) On June 7, 2011, the Plaintiff filed the Complaint in the Superior Court of DeKalb County, Georgia. The Complaint was removed to this Court on July 29, 2011 [Doc. 1]. On August 5, 2011, the Defendants filed this Motion to Dismiss [Doc. 5]. The Plaintiff has not responded to this Motion.

## II. Motion to Dismiss Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff

would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 127 S.Ct. at 1964).

### III. Discussion

No response to the Motion to Dismiss has been filed and it may be treated as unopposed. In addition, the Complaint fails to state a claim for relief. The Plaintiff fails to state a claim for wrongful foreclosure because she does not allege that a foreclosure sale has actually taken place. Furthermore, the real estate records show that the Security Deed was assigned to BAC from MERS, on behalf of AHM. (Defs.'

Br. in Supp. of Defs.' Mot. to Dismiss, Ex. B.) BAC has the right to foreclose on the property because the Security Deed is assignable. (Defs.' Br. in Supp. of Defs.' Mot. to Dismiss, Ex. A.) See Trent v. Mortgage Electronic Registration Systems, Inc., 288 Fed. Appx. 571, 572 (11th Cir. 2008); LaCosta v. McCalla Raymer, LLC, 2011 WL 166902, at *3 (N.D. Ga. Jan. 18, 2011) ("Plaintiff unequivocally granted MERS the power to sell the Property if she were not able to comply with the terms of the Note."). Security deeds and other mortgage loans are transferrable by way of assignment in Georgia. O.C.G.A. § 44-14-64. Furthermore, the Plaintiff does not have standing to challenge the assignment from MERS to BAC because she was not a party to the assignment. See, e.g., Haldi v. Piedmont Nephrology Assocs., 283 Ga. App. 321, 322 (2007). Moreover, BAC is not required to "produce the note" in order to establish standing to foreclose. Cooke v. BAC Home Loans Servicing, LP, No. 1:11-CV-2126-TWT, 2011 WL 4975386, at *2 (N.D. Ga. Oct. 18, 2011).

## IV. Conclusion

For the reasons set forth above, the Court GRANTS the Defendants' Motion to Dismiss [Doc. 5].

SO ORDERED, this 13 day of February, 2012.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge